### VILLAMIL v. HIRSCH et al.

(Circuit Court, S. D. New York. April 5, 1905.)

CORPORATIONS—ELECTION OF OFFICERS—CONTROVERSY OVER RIGHT TO VOTE STOCK.

Where, on the death of the owner of the majority of the stock of a corporation, the right to vote his stock was vested by his will jointly in his widow and counsel as executors and trustees, and by reason of a controversy between them in a state court the counsel has been enjoined from voting the stock, a minority stockholder is entitled to an injunction to restrain the widow from voting such stock alone, or the holding of an election of officers until the right to vote the majority stock has been determined.

In Equity. On motion for preliminary injunction.

Edmund L. Mooney and David McClure, for the motion.
Blumenstiel & Blumenstiel, opposed.

LACOMBE, Circuit Judge. The replying affidavit of the plaintiff, taken in Cuba, was filed only yesterday, but the court was furnished with a draft of it some time ago, and so has had full opportunity of considering it in connection with the other papers submitted by both sides at the close of the argument. As was promised, its statements are strictly confined to denials only, and it presents no new matter calling for any reply.

As a minority stockholder owning one-fifth of the entire capital stock, complainant is interested in having the votes on the majority stock cast by those only who have the legal right to cast them, especially since the result of the voting may be the continuance of complainant in his salaried office of vice president or his failure of re-election thereto. Under the will the right to vote on the stock of the deceased passed to his widow and his counsel jointly, as executors and trustees. Differences have arisen between them. Charges have been made by the widow against the counsel, which he denies, and an application has been made to the Surrogate's Court to remove him. That court has full jurisdiction of such controversy, which is not before this court for determination. Upon the result of that proceeding depends the right to vote the stock, because, if the surrogate should decide that there was no sufficient cause to remove the counsel from executorship and trusteeship, he would have the legal right to participate with the widow in casting the vote; while, if he should be removed, she alone would have the right to vote. And until that question is determined it would seem improper that one only of the two persons to whom the testator confided the right to vote should exercise it to the exclusion of the other. The surrogate has enjoined the counsel from voting on the stock pending the trial in that court, and complainant now asks that the widow, whose attitude towards complainant is manifestly hostile, should also be enjoined from herself alone casting the vote. It would seem that, until the controversy in the surrogate's Court is decided, he should have such protection. But care should be taken that the result may not be that, the vote on the majority stock being neutralized by the two injunctions, the minority stockholders be allowed to record a majority of the votes cast, and thus themselves control the election of officers and directors for the coming year. The election should not be held until, by determination of the proper tribunal as to executorship and trusteeship, the question whether the stock formerly owned by deceased shall be voted by the persons he selected or by one only of them is decided.

Ordered accordingly.